Figueroa, Recurrente, *v.* El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 160.—Resuelto en enero 14, 1914.

Linderos de un Inmueble—Descripción de los Mismos Hecha Solamente por el Adquirente—Defecto Subsanable.—El artículo 9 de la ley hipotecaria en relación con el artículo 63 del reglamento para la ejecución de dicha ley exige que en la inscripción de todo inmueble se expresen los linderos de la finca por los cuatro puntos cardinales, y no basta que el adquirente por sí solo haga dicha descripción, sino que debe hacerla la persona de la que derive su derecho, para que así quede justificado que el derecho adquirido es el mismo trasmitido, y tal omisión constituye un defecto subsanable.

Contrato de Transacción—Causa—Determinación del Precio.—El contrato de transacción no exige por su naturaleza jurídica determinación o cuantía

de precio, pues la causa del contrato está bien definida por el solo hecho de la transacción, y la compensación mutua está comprendida en las diversas estipulaciones convenidas en la transacción.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Francisco Parra.*

El Registrador, Sr. José S. Belaval, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura No. 185 otorgada por José Ramón Figueroa y Lebrón y José Víctor Figueroa y Reyes en 30 de septiembre de 1904, ante el notario de Ponce, Don M. Alberto Salicrup, celebraron ambos contrato de transacción para zanjar diferencias y reclamaciones que entre ambos habían surgido con motivo de las operaciones divisorias del caudal relicto por la difunta Carmen Reyes, esposa que fué del primero y madre del segundo, como también para poner término a la demanda judicial interpuesta por Figueroa Lebrón contra Figueroa Reyes sobre desahucio de varias fincas y cobro de cánones de arrendamiento, figurando entre las condiciones que para la transacción se impusieron ambas partes una consignada en la cláusula 3ª. de dicha escritura que copiada a la letra dice así:

"En el mismo concepto de transacción Don José Víctor Figueroa acepta las operaciones testamentarias que extrajudicialmente han autorizado su padre y sus hermanos coherederos, de los bienes relictos por Doña Carmen Reyes; y *cede y renuncia* a favor de su hermana Doña Rosa Figueroa y Reyes la nuda propiedad que le compete y le fué adjudicada en dicha testamentaría sobre la finca denominada 'El Reloj' que radica en el poblado de Santurce, término municipal de la Capital de esta Isla."

Por otra escritura posterior de 10 de septiembre del año último, otorgada en Ponce ante el Notario Don Francisco Parra Capó bajo el No. 73, Rosa Figueroa y Reyes asistida de su esposo Luis de la Cruz y Santiago aceptó la cesión que en la escritura anterior le hiciera José Víctor Figueroa Reyes de la participación que le correspondía en la finca denominada

''El Reloj,'' inscrita a favor del cedente en el registro de la propiedad, siendo dicha adquisición de carácter parafernal por cuanto en la fecha de la transacción Rosa Figueroa y Reyes era de estado soltera.

Presentadas al Registro de la Propiedad de San Juan, Sección 1ª., copias de las dos escrituras de transacción y aceptación de que se deja hecho mérito, para la inscripción a favor de Rosa Figueroa Reyes de la participación de dominio adquirida de José Víctor Figueroa Reyes sobre la finca denominada ''El Reloj,'' el registrador accedió a dicha inscripción en los términos consignados en la siguiente nota:

''En cuanto a una participación de la finca 'El Reloj' queda inscrito el precedente documento, con vista de una escritura de aceptación otorgada el 10 de septiembre último ante el notario de Ponce, Don Francisco Parra Capó, al folio 100, tomo 12 de Santurce Sur, finca número 1824, quintuplicado, inscripción 16º., con los defectos subsanables de no describirse la finca en esta escritura de transacción, y si bien se hace en la de aceptación, en la misma no interviene el transmitente Don José Víctor Figueroa, y de resultar vaguedad y confusión en la cláusula tercera de esta escritura de transacción por no aparecer claramente expresado si ha intervenido o nó precio alguno por la cesión y renuncia y cuál sea, si éste va incluído en la compensación dada por Don José Ramón Figueroa y por qué causa. San Juan, Puerto Rico, octubre 1º. de 1913.   El Registrador, José S. Belaval.''

Esa nota ha sido recurrida para ante esta Corte Suprema por Rosa Figueroa y Reyes en la parte relativa a los defectos subsanables en ella apuntados, y tal es el recurso sometido a nuestra consideración y decisión.

Resulta de certificación expedida por el registrador recurrido en cumplimiento de orden de esta Corte Suprema para el mejor conocimiento del caso, que una finca denominada ''El Reloj,'' radicada en el barrio de Santurce de esta ciudad, con superficie total de 37 hectáreas, 92 áreas y 27 centiáreas y 81 céntimos cuadrados, o sean 96 cuerdas, 2,732 varas cuadradas, con casa frente a la Carretera Central con 19 metros

26 centímetros de frente por 12 metros y 20 centímetros de fondo, aparece inscrita en dicho registro con los linderos al norte, sur, este y oeste, que se expresan en la inscripción 1ª. de dicha finca número 1824 cuadruplicado.

Certifica también el mismo registrador, que del terreno con casa denominada ''El Reloj'' sito en el barrio de Santurce de esta ciudad, cuya inscripción consta de la inscripción 1ª. igual en parte a la que se hace en uno de los documentos que le fueron presentados y en el cual se omiten los colindantes por el sur, este, y oeste, valorado en $14,000, al practicarse en 20 de junio de 1904 la división del caudal relicto por Doña Carmen Reyes y Arroyo, en esa divisoria fué adjudicada una participación en nuda propiedad sobre dicha finca por la suma de $1,199.66 a cada uno de los herederos nombrados Angel, Casimiro, José Víctor y Rosa Figueroa y Reyes, reservándose el usufructo legal de dicha finca al viudo Sr. Figueroa y Lebrón. La inscripción de esas participaciones fué inscrita en el registro de la propiedad con el defecto subsanable de omitirse en la escritura de partición los linderos sur, este y oeste de la expresada finca y no consta que tal defecto haya sido subsanado.

No cabe alegar que dicho defecto haya sido subsanado en la escritura de aceptación de 13 de septiembre de 1913, pues si bien en ella se expresan las colindancias de la finca denominada ''El Reloj'' por la parte norte, atribuyéndole la misma cabida que en su primera inscripción, se omiten las colindancias por el sur, este y oeste que como defecto subsanable se consignó al verificarse en el registro la inscripción de la participación de condominio en dicha finca a favor de José Víctor Figueroa Reyes y otros hermanos. Ese defecto, mientras no se subsane, tiene que afectar a las inscripciones sucesivas concernientes a la misma finca.

Tanto por la razón apuntada, o sea por no haberse descrito en la escritura de transacción de 30 de septiembre de 1904 la finca denominada ''El Reloj'' en la que había adquirido José Víctor Figueroa una participación proindivisa por

título hereditario, cuanto por no haberse subsanado tal defecto en la escritura de aceptación de cesión de 10 de septiembre del año próximo pasado con intervención del transmitente o cedente José Víctor Figueroa, la nota recurrida se ajusta a derecho en cuanto al primer defecto subsanable en ella consignado.

El artículo 9 de la Ley Hipotecaria previene que en toda inscripción se expresen los linderos de los inmuebles objeto de la inscripción o a los cuales afecte el derecho que deba inscribirse, y el artículo 63 del reglamento para la ejecución de la misma ordena, que los linderos se determinen por los cuatro puntos cardinales.

La descripción de linderos que haga una de las partes interesadas en el contrato, sin intervención de la otra, no puede obligar a ésta. No basta, como pretende el recurrente, que el adquirente por sí solo haga dicha descripción, sino que debe hacerla la persona de la que derive su derecho, para que así quede justificado, que el derecho adquirido es el mismo transmitido.

En cuanto al segundo defecto apuntado como subsanable, de resultar vaguedad y confusión en la cláusula tercera ya transcrita de la escritura de transacción, examinada dicha cláusula en relación con las demás que contiene la escritura, encontramos que los otorgantes de ella, para evitar un pleito con motivo de las operaciones divisorias del caudal relicto por Carmen Reyes y para poner término a otro pleito sobre desahucio promovido por Figueroa Lebrón contra Figueroa Reyes, vinieron ambos a un arreglo amistoso mediante ciertas condiciones que mutuamente se impusieron, entre las cuales figura la de ceder José Víctor Figueroa y Reyes a su hermana de los mismos apellidos una participación de condominio en las operaciones divisorias de Carmen Reyes, madre de ambos, que fué adjudicada al primero en la finca "El Reloj." El contrato llena todos los elementos que lo constituyen con arreglo al artículo 1171 de nuestro Código Civil. La causa del contrato está bien definida por el solo hecho de la transacción

y la compensación mutua está comprendida en las diversas estipulaciones convenidas en la transacción. Una de esas estipulaciones fué la de la cláusula tercera. El contrato de transacción no exige por su naturaleza jurídica determinación o cuantía de precio, ni tampoco la exigía la cesión de Víctor Figueroa Reyes a favor de su hermana, parte integrante de dicha transacción, y no enajenación independiente de la misma.

No existe pues, el segundo defecto subsanable a que se refiere la nota recurrida.

Es de confirmarse la nota del Registrador de la Propiedad de San Juan, Sección 1ª., en cuanto al primer defecto subsanable en ella consignado, y revocarse en cuanto al segundo por falta de existencia del mismo.

*Confirmada la nota en cuanto al primer defecto*
*subsanable y recocada en cuanto al segundo.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.